IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelia Hill,<br><br>    Plaintiff,<br><br>v.<br><br>Eric Fanning, Acting Secretary, Department of Air Force,<br><br>    Defendant. | No. CV 12-00052-TUC-CKJ (HCE)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the Court is Defendant's Motion to Dismiss or Transfer for Improper Venue and, In the Event of Transfer, For an Extension of Time For Response to Complaint ("Def.'s Mot."). (Doc. 21).[1]  This matter has been referred to the Magistrate Judge for a Report and Recommendation.

**I.    Background**

    Plaintiff, proceeding pro se, has filed a Complaint in which she alleges that she was a probationary employee of the Los Angeles Air Force Base, that she was retaliated against for exercising her "EEO right to file a complaint based on race and gender," and that her employment was terminated. (Doc. 1, Compl. at 2, 4-7). Although Plaintiff does not identify

---

[1] Eric Fanning replaced retired Secretary Michael Donley effective June 21, 2013. *See Pretlow v. Fanning*, No. CIV-12-1281-D, 2013 WL 3563679 at, n.1 (W.D. Okla. July 11, 2013).

in the Complaint the legal basis of her cause of action, she does allege that she received the right to file a civil action dated October 18, 2010 from the U.S. Equal Employment Opportunity Commission. (*Id*. at 1).

## II.     Discussion

Defendant contends that Plaintiff's claim for relief is based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., which governs adverse employment actions based on complaints of race, national origin, and gender. (Def.'s Mot. at 2). Defendant argues that Plaintiff has filed her Complaint in the wrong venue, noting that Title VII has its own specific venue provision and that this specific venue provision applies in cases involving federal employment. 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d). (*Id*.). *See Phillips v. Rubin*, 76 F. Supp. 2d 1079, 1082 (D. Nev. 1999) (§ 2000e-16(d) makes Title VII's provisions applicable in actions against the federal government). Defendant moves for dismissal of the Complaint or transfer of the case to the proper venue which is the Central District of California. (Def.'s Mot. at 3; Doc. 25, Def.'s Reply Supp. Def.'s Mot. at 2). Plaintiff responds that an attorney informed her that the Complaint could be filed in any Federal District Court and that the court should determine that she filed her Complaint appropriately. (Doc. 24, Resp. to Notice Mot. ("Pl.'s Resp.")).

Rule 12(b)(3) of the Federal Rules of Civil Procedure states that a party may file a motion based on improper venue. Fed.R.Civ.P. 12(b)(3). Pursuant to 28 U.S.C. § 1406(a), regarding a case "laying venue in the wrong division or district," the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under 28 U.S.C. § 1404(a), the district court, "[f]or the convenience of parties and witnesses, in the interest of justice . . . may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

A special venue provision applies to Title VII actions. *Wohltman v. Siemens Generation Servs.*, No. 10CV2549 DMS (WVG), 2011 WL 3607503 at, *1 (S.D. Cal. Aug.

- 2 -

16, 2011). Title VII's venue provision states that actions may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). The Ninth Circuit has indicated that "[i]n general, the effect of Title VII's venue provision is to allow suit in the judicial district in which the plaintiff worked or would have worked." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504-05 (9th Cir. 2000).

Title VII's specific venue provision set forth in § 2000e-5(f)(3) applies rather than the general venue provision of 28 U.S.C. § 1391(b). *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 588-89 (9th Cir. 1991). Title VII's venue provision does not displace the § 1404 analysis but the factors expressly identified as the basis for venue under Title VII are considered as "key factors in analyzing the 'interests of justice' prong" of § 1404(a). *Minh Hong v. Morgan Stanley & Co., LLC*, No. C12-01756 THE, 2012 WL 5077066 at, *2 (N.D. Cal. Oct. 18, 2012).

As Defendant points out, Plaintiff has not alleged any act of discrimination that occurred in Arizona.[2] Plaintiff's claim is based on allegations relevant to her employment at the Los Angeles Air Force Base in El Segundo, California. Plaintiff alleges acts by officials that occurred there and she alleges the termination of her employment from the Los Angeles Air Force Base. (Compl. at 2-4). Plaintiff alleges that she lost an employment opportunity in Texas as a result of her alleged termination at Los Angeles Air Force Base. (*Id.* at 2-3). According to Defendant, Plaintiff's Equal Employment Opportunity proceeding was filed and

---

[2] Plaintiff mentions in the Complaint that she "informed the EEOC in her September 2010 appeal that she began working on the Davis Monthan Air Force Base (DMAFB) as a government contractor . . ." (Compl. at 2). Plaintiff does not seem to allege any retaliatory conduct with respect to that employment.

- 3 -

took place at Los Angeles Air Force Base and the records of that proceeding are maintained there. (Def.'s Mot. at 3, Ex. 1, Gonzales Decl. ¶¶ 3-5). Plaintiff's personnel file and employment records are maintained at the Los Angeles Air Force Base in El Segundo, California or at the Federal Records Center in St. Louis, Missouri. (Def.'s Mot. at 3, Ex. 2, Swan Decl., ¶¶ 1-2).

Plaintiff appears to now reside in Arizona. Plaintiff's Complaint shows her address as Tucson, Arizona and her Response to Defendant's Motion to Dismiss shows her address as Glendale, Arizona. (Compl.; Pl.'s Resp.). "[V]enue is not proper in a district simply because the plaintiffs reside there." *See McCormack v. Safeway Stores, Inc.*, No. C 12-4377 MEJ, 2012 WL 5948965 at, *3 (N. D. Cal. Nov. 28, 2012). The alleged discriminatory acts occurred in El Segundo, California where Plaintiff was employed and where the records relevant to her claim are maintained. None of the acts Plaintiff alleges occurred in Arizona. Plaintiff has not alleged that she would have worked in Arizona but for the alleged unlawful employment practice. The Court recommends that venue is proper in the Central District of California, not in the District of Arizona.

Having found that venue is improper in the District of Arizona, the Court in its discretion may dismiss the case or transfer the action to the appropriate jurisdiction. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (district court's decision of whether to transfer or dismiss a case under § 1406(a) is reviewed for abuse of discretion). For a case to be transferred under § 1404, the court must find that the transferee court is one where the action "might have been brought" and that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Factors relevant to the latter consideration include the plaintiff's choice of forum, the convenience of the parties and witnesses, the ease of access to sources of proof, local interest in the controversy, and the familiarity of the forum with the applicable law. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Plaintiff has chosen to litigate her discrimination claim in the District of Arizona where she now lives. Plaintiff's choice of forum is entitled to preference. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir 1986). However, except for Plaintiff, the witnesses with knowledge of the dispute are based in the Los Angeles, California area. The Court assumes there would be some hardship for Plaintiff to litigate her case in the Central District of California since she has now moved to Arizona but this same hardship would exist for the witnesses in California if the case is litigated in Arizona. The witnesses and events are centered in the Central District of California and this weighs in favor of transfer. Although the ease with which documents may be accessed electronically has been considered, the relevant records are maintained in the Central District of California and this favors transfer. Local interest in the controversy favors transfer since Plaintiff has not alleged that any wrongful act occurred in Arizona. Each forum has the same familiarity with the applicable law under Title VII. Based on consideration of the overall circumstances and relevant factors, transfer of this action to the Central District of California appears appropriate.

**III.     Recommendation**

For the foregoing reasons, the Magistrate Judge recommends that the District Court decline to dismiss this case. It is further recommended that this action should be transferred to the Central District of California.

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss or Transfer for Improper Venue and, In the Event of Transfer, for an Extension of Time for Response to Complaint (Doc. 21) should be granted in part.

**IT IS FURTHER RECOMMENDED** that this case should be transferred to the Central District of California and that Defendant should have an extension of time to respond to the Complaint.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after

- 5 -

1  being served with a copy of this Report and Recommendation. *See also* LRCiv 7.2(e) (setting
2  forth page limit for objections). A party may respond to another party's objections within
3  fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2).

4      Failure to file timely objections to any factual or legal determination of the Magistrate
5  Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See*
6  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540
7  U.S. 900 (2003).

8      DATED this 16th day of October, 2013.

_____
Héctor C. Estrada
United States Magistrate Judge

- 6 -