**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGELIA HILL,<br><br>  Plaintiff,<br><br>vs.<br><br>ERIC K. FANNING, ACTING SECRETARY, DEPARTMENT OF AIR FORCE,<br><br>  Defendant. | No. CIV 12-052-TUC-CKJ<br><br>**ORDER** |

On October 16, 2013, Magistrate Judge Hector C. Estrada issued a Report and Recommendation (Doc. 26) in which he recommended the Court decline to dismiss the case and further recommended this action be transferred to the Central District of California. The Magistrate Judge advised the parties they could serve and filed written objections within 14 days after being served with a copy of the Report and Recommendation. Plaintiff Angelia Hill ("Hill") filed an Objection; Defendant Eric K. Fanning ("the Secretary") has filed a response.[1]

*Standard of Review*

The standard of review that is applied to a magistrate judge's report and

---

[1] The magistrate judge noted Eric K. Fanning replaced retired Secretary Michael Donley. Indeed, pursuant to Fed.R.Civ.P. 25(d), Acting Secretary Eric K. Fanning is automatically substituted as a party. The Court will direct the Clerk of Court to change the caption to reflect the substitution of the party.

recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 288 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

*Magistrate Judge Determination that Venue is Not Proper in the District of Arizona*

The Magistrate Judge stated:

> . . . . The Ninth Circuit has indicated that "[i]n general, the effect of Title VII's venue provision is to allow suit in the judicial district in which the plaintiff worked or would have worked." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504-05 (9th Cir. 2000).

Report and Recommendation, p. 3. The Magistrate Judge further stated:

> Plaintiff appears to now reside in Arizona. Plaintiff's Complaint shows her address as Tucson, Arizona and her Response to Defendant's Motion to Dismiss shows her address as Glendale, Arizona. (Compl.; Pl.'s Resp.). "[V]enue is not proper in a district simply because the plaintiffs reside there." *See McCormack v. Safeway Stores, Inc.*, No. C 12-4377 MEJ, 2012 WL 5948965 at, *3 (N. D. Cal. Nov. 28, 2012). The alleged discriminatory acts occurred in El Segundo, California where Plaintiff was employed and where the records relevant to her claim are maintained. None of the acts Plaintiff alleges occurred in Arizona. Plaintiff has not alleged that she would have worked in Arizona but for the alleged unlawful employment practice. The Court recommends that venue is proper in the Central District of California, not in the District of Arizona.

Report and Recommendation, p. 4.

Hill has not objected to these findings and conclusions. Although the Court need not review a portion of the Report and Recommendation not objected to, the Court finds these findings and conclusions are supported and well-taken. The Court will adopt this portion of the Report and Recommendation, including the conclusion venue is not proper in the District of Arizona. "Having determined that venue is not proper, the Court now turns to

1  whether it will dismiss or transfer the case." *Cheng v. Schlumberger*, C 13-02642 JSW, 2013 WL 5814272 * 2 (N.D.Cal. 2013), *citing* 28 U.S.C. § 1406(a).

Hill's objections relating to the convenience of the forum are relevant only as to whether dismissal or transfer of venue is appropriate. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Schiller v. Mit-Clip Co., Inc.*, 180 F.2d 654, 655 (2nd Cir. 1950) ("transfer under Sec. 1406(a) [does] not depend upon inconvenience of trying the action where it has been brought; it presuppos[es] that the judge shall transfer the action because it has been brought in the wrong place."). The Court agrees with the Magistrate Judge that the overall circumstances and relevant factors, including the convenience of the parties, indicate a transfer of this action to the Central District of California rather than a dismissal is appropriate.

Accordingly, after an independent review, IT IS ORDERED:

1. The Clerk of Court shall amend the caption of this action to reflect the automatic substitution of Acting Secretary Eric K. Fanning for the retired Secretary Michael Donley.

2. The Report and Recommendation (Doc. 26) is ADOPTED.

3. Defendant's Motion to Dismiss or Transfer for Improper Venue and, In the Event of Transfer, for an Extension of Time for Response to Complaint (Doc. 21) is GRANTED IN PART.

4. This case is transferred to the Central District of California. The Clerk of Court shall close the file in this District and shall transfer this action to the Central District of California.

5. Defendants shall file their Answer or otherwise respond to the Complaint within 30 after this action is docketed as transferred into the Central District of California.

DATED this 11th day of December, 2013.

_____
Cindy K. Jorgenson
United States District Judge